IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| GrandAri, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>Kathi Vidal, in her official capacity as Director of the United States Patent and Trademark Office<br><br>and<br><br>The United States Patent and Trademark Office,<br><br>Defendants. | Case No.: <u>1:24-cv-1140</u> |

# COMPLAINT

Plaintiff, GrandAri, Inc. ("Plaintiff") by its attorneys, for its complaint against Kathi Vidal, in her official capacity as Director of the United States Patent and Trademark Office ("Director") and the United States Patent and Trademark Office ("PTO"), (collectively "Defendants"), alleges as follows:

## NATURE OF THE CASE

1. This is an action by Plaintiff under 15 U.S.C. 1071(b), to appeal the decision by the PTO, Trademark Trial and Appeal Board ("TTAB") dated May 1, 2024 ("Decision"), refusing to register the Plaintiff's trademark "One Love Manchester" (defined below) in Classes 014, 018, 025, and 041 pursuant to 15 U.S.C. § 1052(d), due to likelihood of confusion with other registered marks.

1

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1071(b), which provides that a person authorized by subsection (a) i.e. an applicant for registration of a mark dissatisfied with a final decision of the Trademark Trial and Appeal Board ("TTAB") may institute a new civil action in a Federal District Court challenging such decision.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(A) as Defendants have their principal place of business in Alexandria, Virginia.

## STANDARD OF REVIEW

4. The standard of review by the Court on this matter is de novo. If any party, as is likely in this case, introduces into the record any piece of new evidence, this Court must engage in de novo review of the entire record. See *Swatch AG v. Beehive Wholesale, LLC*, 739 F.3d 150, 156 (4th Cir. 2014). Under a de novo review standard, the Court has no duty to give deference to the TTAB's Order.

## NATURE OF THE PARTIES

5. Plaintiff GrandAri, Inc. is a corporation organized under the laws of Delaware, with principal place of business at 1880 Century Park East, Suite 1600, Los Angeles, CA 90067.

6. Defendant Kathi Vidal is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, with a primary business address at P.O. Box 1450, Alexandria, Virginia 22313-1450. She has overall responsibility for the "management supervision for the [PTO] and for the issuance of patents" while performing "these duties in a fair, impartial, and equitable manner." 35 U.S.C. § 3(a)(2)(A). She is named as a defendant in her official capacity only.

7.      Defendant PTO is an agency of the United States within the United States Department of Commerce. The PTO is located at 600 Dulany Street, Alexandria, Virginia 22314.

## FACTUAL BACKGROUND

8.      Plaintiff is owned by the world-famous and renowned artist and celebrity, Ariana Grande-Butera ("Grande"). On May 22, 2017, in Manchester, England, a deadly bombing took place during Grande's concert, in which twenty-two (22) concert goers were killed and five hundred (500) people were left injured. Two (2) weeks thereafter, on June 4, 2017 (the "June 4 Benefit Concert"), Grande hosted a charity concert in memory of those who lost their lives and were injured, called "One Love Manchester".

9.      On December 21, 2018, pursuant to 15 U.S.C. §1051(b), Plaintiff filed a federal trademark application bearing U.S. Serial No. 88239943 ("Application") for the stylized MARK:

[stylized "ONE LOVE MANCHESTER" mark image]   (the "Mark").

10.     The Mark was so named and designed to instill comfort, love, and survival, and serve as a reminder for events that took place in Manchester.

11.     On April 1, 2019 ("First Office Action"), the PTO issued an Office Action refusing registration of the Mark due to likelihood of confusion with registered marks, U.S. Registration No. 5620804, "ONE LOVE HOLISTICS"; U.S. Registration No. 4786819, "ONE LOVE SKINCARE"; U.S. Registration No. 4786818 "ONE LOVE SKINCARE"; U.S. Registration No. 4631663, "ONE LOVE ORGANICS"; U.S. Registration No. 4619537, "ONE LOVE BREWERY"; U.S. Registration No. 4619536, "ONE LOVE BREWERY"; U.S. Registration No. 4810762, "ONE LOVE"; U.S. Registration No. 4461909, "ONE LOVE"; U.S. Registration No.

4461420, "1 LOVE"; U.S. Registration No. 4461419, "1 LOVE"; U.S. Registration No. 4428178, "ONE LOVE FEST"; U.S. Registration No. 1998491, "ONE LOVE"; U.S. Registration No. 4619013, "ONE LOVE"; U.S. Registration No. 4859913, "ONE LOVE!"; and U.S. Registration No. 5568130, "MANCHESTER" ("Registrations in First Office Action"). The PTO also required that the Application be amended to separate the different goods and services into the appropriate classes.

12. On October 2, 2019, Plaintiff responded to the First Office Action. Subsequently, any further examination of the First Office Action was suspended on November 4, 2019, due to three prior pending applications, U.S. Application Serial Nos. 87158037, 87158067, and 87663542.

13. On January 5, 2021, another Office Action was issued due to likelihood of confusion with U.S. Registration Nos. 6147681, "ONE LOVE BEAUTY" and 6147682, "ONE LOVE BEAUTY" logo (the "Second Office Action"). In the Second Office Action, the PTO also maintained the previous refusal to register the Application.

14. On July 26, 2021, Plaintiff responded to the Second Office Action and amended the Application to remove International Classes 003, 028, and 042 and include, International Classes 009, 014, 016, 018, 025, 036, 041 and 045, all of which were added under a 1(b) intent-to-use basis. Plaintiff also disclaimed the word "MANCHESTER".

15. On August 25, 2021, the PTO withdrew the refusal to register with respect to the cited US Registrations Nos. 6147681, 6147682, 4786819, 4786818, 4631663, 4619537, 4619536 and 5568130. However, the PTO maintained the refusal to register ("August 25, 2021 Office Action") based on the following marks: "ONE LOVE HOLISTICS" with U.S. Reg. No. 5620804 (the "First Referenced Mark") in Class 014 for "Bracelets; Jewelry"; "ONE LOVE" with U.S. Reg.

No. 4810762 (the "Second Referenced Mark") in Class 014 for "jewelry, namely, bracelets and rings"; "ONE LOVE FEST" with U.S. Reg. No. 4428178 (the "Third Referenced Mark") in Class 041 for "Organizing community festivals featuring primarily yoga, workshops, dance and also providing music"; and "ONE LOVE" with U.S. Reg. No. 1998491 (the "Fourth Referenced Mark") in Class 025 for "footwear" (collectively the "Referenced Marks"). The PTO also required an amendment to the identification of goods and services for International Classes 009, 025, and 041. The identifications of goods and services for International Classes 014, 016, 018, 036, and 045 were accepted and made of record.

16. On February 25, 2022, Plaintiff divided the Application, creating one child application for Classes 009, 016, 036 and 045 (the "First Child Application"), and a second child application for the following Class 041 services: "information services in the field of entertainment, namely, providing information about music, film, television, celebrity and popular culture provided over the internet; FAN CLUB SERVICES; Entertainment services, namely, providing temporary use of non-downloadable VIDEO GAMES; VIDEO GAME PRODUCTION SERVICES; production of virtual reality and augmented reality entertainment, namely, virtual and augmented reality media in the field of music, entertainment and art" (the "Second Child Application").

17. Also on February 25, 2022, Plaintiff filed a Request for Reconsideration and corresponding appeal before the TTAB regarding the refusal to register the Mark based on an alleged likelihood of confusion with the Referenced Marks. The same day, the case was remanded for reconsideration.

18. On March 24, 2022, the PTO issued a Notice confirming that the Application had been divided, leaving the Application covering only Classes 014, 018, 025 and 041.

19. On March 25, 2022, the reconsideration was denied, and subsequently on February 23, 2023, Plaintiff filed its Appeal Brief, asserting that the PTO erred by: (a) discounting the dissimilarity of the marks in appearance, sound, connotation and commercial impression in comparison with the Referenced Marks (b) discounting the dissimilarity of the goods and services, (c) discounting the heavy co-existence of third-party registrations (d) discounting the dissimilarity of the channels of trade, (e) discounting that the Referenced Marks have not achieved fame, and (f) discounting the concurrent use without any indication of actual confusion or the likelihood of confusion.

20. On April 4, 2023, the PTO requested for the proceeding to be remanded. Subsequently, on April 19, 2023, a Subsequent Final Office Action ("Subsequent Final Office Action") was issued, refusing to register the Plaintiff's Application on the basis of two additional registrations US Registrations No. 4619013 for the mark ONE LOVE for various clothing items ("Fifth Referenced Mark") and US Registrations No. 4859913 for the mark ONE LOVE for various entertainment services ("Sixth Referenced Mark") (collectively "Additional Referenced Marks"), which had inadvertently had been missed from the introductory paragraph of the First Office Action dated April 1, 2019, and were thereafter missed from every subsequent office action.

21. Thereafter, Plaintiff was allowed to file a supplemental appeal brief to address the Subsequent Final Office Action, which was filed on August 15, 2023.

22. Subsequently, the examiner filed their brief in response to Plaintiff's supplemental appeal brief, on November 2, 2023[1], noting that the Second Referenced Mark (U.S. Reg. No. 4810762) was cancelled as of May 6, 2022, so the examiner proceeded with her arguments against the remaining five cited registrations (US Registration No. 5620804, "ONE LOVE HOLISTICS"; U.S. Registration No. 1998491, "ONE LOVE"; U.S. Registration No. 4619013, "ONE LOVE"; U.S. Registration No. 4859913, "ONE LOVE!"; and U.S. Registration No. 4428178, "ONE LOVE FEST").

23. On December 22, 2023, Plaintiff filed its Reply Brief to the examiner's brief further asserting *inter alia* that the First, Third, and Fourth Referenced Marks[2] and Additional Referenced Marks (collectively, the "Marks at Issue") are weak, they have completely different commercial impressions as compared to the Plaintiff's Mark, and their uses in commerce illustrate how sophisticated and discerning consumers will differentiate between the Plaintiff's Mark and the Marks at Issue.

24. On May 1, 2024, the TTAB issued its Decision, affirming the PTO's decision to refuse to register the Plaintiff's Mark pursuant to 15 U.S.C. § 1052(d), due to likelihood of confusion with the Marks at Issue (US Reg. Nos. 5620804; 1998491; 4619013; 4859913; and 4428178). A true and correct copy of the Final Decision dated May 1, 2024, is attached hereto as Exhibit A.

---

[1] The Examiner's brief was originally submitted on October 14, 2023, but on October 16th, jurisdiction was restored to the Examiner to re-submit his/her brief because there was a formatting issue in the Examiner's original Brief submitted on the 14th. Subsequently, the Examiner re-submitted his/her brief on Nov. 2, 2023, with the correct formatting/ page numbers.

[2] Hereinafter, the Referenced Marks will refer to the First, Third and Fourth Referenced Marks.

25. Plaintiff asserts that the Defendants/and or the TTAB erred in: (1) failing to consider the weakness of the Marks at Issue; (2) the determination of the TTAB as to the dissimilarity of the Plaintiff's Mark as compared to the Marks at Issue; (3) the determination as to the relatedness of the goods and services being provided by Plaintiff as opposed to the other owners of the Marks at Issue; (4) discounting that the Referenced Marks have not achieved fame as compared to the Plaintiff's Mark; (5) the determination as to the sophistication of consumers within the classes; (6) that despite concurrent use there has been no evidence of actual confusion; and (7) failing to reverse the refusal of the registration of the Application.

## COUNT ONE

26. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 25 above as if fully set forth herein.

27. 15 U.S.C. 1071(b) provides that whenever a person authorized by subsection (a) i.e. an applicant for registration of a mark "is dissatisfied with the decision" of the TTAB and commences "a civil action" to challenge the decision, as in this case, the "court may adjudge that an applicant is entitled to a registration upon the application involved" or may decide "such other matter as the issues in the proceeding require, as the facts in the case may appear."

28. In making such adjudication, this Court must consider any and all new evidence and testimony submitted by the party who is dissatisfied with the TTAB's decision.

29. The TTAB has erred in holding that the Mark *ONE LOVE MANCHESTER* as used in Classes 014, 018, 025 and 041, is confusingly similar to the Marks at Issue.

30. The TTAB has erred in failing to consider the weakness of the Marks at Issue.

8

31. The TTAB has erred in failing to consider the different commercial impression of the Plaintiff's Mark, the fame associated with the Mark and the history of the Mark.

32. The TTAB has erred in failing to consider that there is no proof of actual confusion in consumers of the goods and services associated with the Mark, as compared to the goods and services associated with the Marks at Issue.

33. The TTAB has erred in failing to consider the sophistication of discerning consumers who are able to differentiate between the different marks.

34. The TTAB has erred in failing to consider the dissimilarity of the marks, in terms of appearance, sound, connotation and commercial impression.

35. Plaintiff believes and alleges that the TTAB's Decision should be reversed as a matter of law, pursuant to 15 U.S.C. § 1071(b).

**NOTICE OF NEW EVIDENCE AND REQUEST FOR DE NOVO REVIEW**

36. Plaintiff intends to: (a) introduce evidence in this case, beyond that which was considered by the PTO; (b) develop and pursue such new evidence to the full extent permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence; and (c) request that this Court undertake de novo review for any factual disputes in this case.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests the Court to enter judgment in its favor and against Defendants, as follows:

a) To reverse the Decision of the TTAB dated May 1, 2024 and to allow Plaintiff's Application for registration of the Mark [ONE LOVE MANCHESTER logo] in Class 014 for "JEWELRY, JEWELRY CASES, CLOCKS, WATCHES, CHRONOGRAPHS AND TIMEPIECES; JEWELRY ACCESSORIES, namely, jewelry boxes, jewelry dishes, jewelry ring holders, and jewelry cases", in Class 018 for "BAGS, namely, gym bags, overnight bags, tote bags, fanny packs, evening bags, cross-body bags, and reusable or textile shopping bags; travel BAGGAGE, WALLETS, PURSES, LEATHER AND imitation LEATHER", in class 025 for "CLOTHING AND WEARING APPAREL, namely, SHIRTS, JEANS, JACKETS, SKIRTS, SLACKS, BLOUSES, VESTS, COATS, SWEATERS, SCARVES, SWIMSUITS, UNDERWEAR, UNDERPANTS, SLIPS, CAMISOLES, BRAS, NIGHTGOWNS, ROBES, T-SHIRTS, LONG SLEEVED SHIRTS, SHORTS, PANTS, JUMPERS, JUMPSUITS, OVERALLS, ONEPIECE PLAYSUITS, PAJAMAS, DRESSES, LINGERIE; MEN'S, WOMEN'S, CHILDREN'S AND INFANT'S HEADGEAR, namely, HATS, CAPS AND VISORS; BELTS; KERCHIEFS", and in Class 041 for "Entertainment services, namely, live performances by a musical artist**;** Entertainment services, namely**,** arranging, organizing,

conducting and hosting social entertainment events, live music concerts, music festivals and artistic performances by musicians, artists and dancers, and art exhibitions".

b) To declare that the Plaintiff's Mark is not confusingly similar to any of the Marks at Issue when used in connection with goods and services in Classes 014, 018, 025 and 041.

c) Order Defendants to approve the Application for publication and subsequent registration upon Plaintiff's establishment for a valid basis for registration under 15 U.S.C. § 1051(b); and

d) Award Plaintiff such other and further relief as the Court may deem proper.

Respectfully submitted,

/s/ John A. Nader
John A. Nader (VSB No. 73259)
HINSHAW & CULBERTSON LLP
700 12th Street, N.W., Suite 700
Washington, D.C. 20005
Tel: (202) 979-5280
jnader@hinshawlaw.com

Sarah M. Matz (*pro hac vice forthcoming*)
ADELMAN MATZ P.C.
1159 Second Avenue, Suite 153
New York, New York 10065
Tel: (646) 650-2207
sarah@adelmanmatz.com

*Counsel for Plaintiff GrandAri, Inc.*